IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SELAH L. TIBBS,                              *

    Plaintiff,                           *

       v.                               *          Civil Action No. RDB-11-1335

BALTIMORE CITY                               *
POLICE DEPARTMENT, *et al.*,
                              *

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Selah Tibbs ("Plaintiff" or "Tibbs") brought this action against the Baltimore City Police Department ("BCPD") alleging race and gender discrimination as well as retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.  The Complaint also alleges that Defendant violated her rights under 42 U.S.C. § 1983.  Plaintiff later amended her Complaint to add two Defendants, namely, BCPD Major David Engel ("Engel") and BCPD Lieutenant Deanna Bland ("Bland") and additional counts against them.  Pending before this Court is the Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 12) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendants BCPD, Engel and Bland's Motion to Dismiss (ECF No. 12) is GRANTED.  All of Plaintiff's claims against the BCPD are DISMISSED WITHOUT PREJUDICE.  Plaintiff's Title VII claims against Engel and

Bland are DISMISSED WITH PREJUDICE.  Plaintiff's Section 1981 claim against Bland is

DISMISSED WITHOUT PREJUDICE, and Plaintiff's Section 1983 claims against Engel

and Bland are DISMISSED WITHOUT PREJUDICE.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint.  *See Aziz v.*

*Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Selah Tibbs ("Plaintiff" or "Tibbs")

is an African-American woman who began working for the Baltimore City Police

Department ("BCPD") in July 1997.[1]  Pl.'s 1st Am. Compl. ¶¶ 16-17, ECF No. 4.  In July

2007, "Tibbs was promoted to the position of Detective and assigned to the Northeast

District Detective Unit (DDU)."  *Id.* ¶ 18.  About a year later, however, on October 6, 2008,

Tibbs was informed that she would be transferred to a position in the Patrol Division.  *Id.* ¶

19.  Apparently, this involuntary transfer was initiated by her superior, Defendant Major

David Engel ("Engel"), following an incident where she was accused of acting

unprofessionally by yelling while working and failing to acknowledge him as was required by

the profession.  *Id.* ¶¶ 19-20.  Tibbs appealed this personnel decision but was unsuccessful.

*Id.* ¶¶ 23, 32.

While Engel explained that her transfer was caused by her undermining actions and

the fact that she conducted "personal business on departmental time," Tibbs alleges that she

was transferred because of her race.  *Id.* ¶¶ 21.  In support of this claim, she alleges that four

African-American detectives were "transferred out of the unit for frivolous reasons and

replaced by Caucasian detectives" between June and October 2008.  She also claims that

---

[1] Nothing in the Complaint or the submissions of the parties indicates that Tibbs is no longer working for the
Baltimore City Police Department.

another Caucasian detective who had himself failed to acknowledge Engel was not transferred or even reprimanded. *Id.*¶ 24.

Additionally, Tibbs alleges that since being transferred to the Patrol Division, "she has been subjected to continual harassment, retaliation and unequal treatment because of her race and gender by Lieutenant Deanna Bland." *Id.* ¶ 25. According to the Plaintiff, despite her repeated internal complaints, she is still discriminated against and harassed by Bland and is subjected to a hostile work environment. *Id.* ¶¶ 26-27, 30. She claims that she is "continually threatened with unwarranted discipline" due to unsubstantiated nonperformance accusations. *Id.* ¶ 28. Specifically, she alleges that in December 2008, although she was dispatched to a robbery call on the 200 Block of South Broadway, Bland accused her of making misrepresentations on her "run sheet" to cover up her failure to respond to a "robbery dispatch call in the 1300 block of Fayette Street." *Id.* ¶ 29.

According to Tibbs, she filed a timely charge of discrimination against the Baltimore City Police Department with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 10. She alleges that the EEOC issued a determination that she was discriminated against and the case was referred to the Department of Justice, Employment Litigation Section, for conciliation. *Id.* ¶¶ 11-12. "Attempts to conciliate the case were unsuccessful, and the Department of Justice, Employment Litigation Section issued a Notice of Right to Sue on February 7, 2011." *Id.* ¶ 13. As a result, Tibbs filed this action alleging race and gender discrimination as well as retaliation in violation of Title VII of the Civil Rights Act of 1964 (Counts I, III, IV, VII, VIII); race and gender discrimination in violation of 42 U.S.C. § 1981 (Counts II, V), and violations of 42 U.S.C. § 1983 (Count VI).

<u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.)  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."  *Id.* at 679.  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted).  In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

<u>ANALYSIS</u>

**I.      Plaintiff's claims against the Baltimore City Police Department**

Tibbs' claims against the Baltimore City Police Department ("BCPD")[2] include claims for disparate treatment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 (Counts I, II, IV and V) as well as a claim for gender discrimination in violation of Title VII (Count III).  Defendants contend that these claims must be dismissed because Tibbs fails to state a claim upon which relief can be granted as mandated by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The same analysis applies to race discrimination and retaliation claims under both Title VII and Section 1981.  *See James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004); *Wang v. Metro. Life Ins. Co.*, 334 F. Supp. 2d 853, 869 (D. Md. 2004).  Where the record contains no direct evidence of discrimination or retaliation, plaintiff's claims must be analyzed under the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 281 n. 1 (4th Cir. 2000)

---

[2] The First Amended Complaint refers to the Baltimore City Police Department ("BCPD") as "Defendant," to Major David Engel as "Engel," and to Lieutenant Bland as "Bland."  *See* Pl.'s 1st Am. Compl., ECF No. 4.

(noting that the "*McDonnell Douglas* framework applicable to claims of race discrimination applies to retaliation claims as well) (citing *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998)).

Under this framework, the plaintiff must first make out a *prima facie* case of retaliation and discrimination.  If a *prima facie* case is established, the burden of production shifts to the defendant to offer a legitimate, non-discriminatory reason for its adverse employment action. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).  If the employer fulfills this reciprocal duty, the burden reverts back to the plaintiff to establish that the defendant's proffered reason is pretextual and that her termination was instead racially motivated.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993).

A.  Race and Gender Discrimination Claims (Counts I, II, & III)

An employee establishes a *prima facie* case of disparate treatment on the basis of race or gender discrimination under Title VII and 42 U.S.C. § 1981 by showing that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment.  *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Prince–Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F. Supp. 2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)).  Construing the complaint liberally, *see De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), Plaintiff does not satisfy the aforementioned elements.

Plaintiff's Complaint satisfies the first requirement as she is African-American and therefore part of a protected class.  She also satisfies the third requirement as she alleges that

she was demoted from her Detective position with the Northeast District Detective Unit to the Patrol Division which caused her to lose the compensation and incentives associated with the Detective position.  Tibbs does allege that a similarly situated employee outside her class was treated more favorably.  Specifically, she claims that another Caucasian detective who failed to acknowledge Defendant Engel was not subjected to an involuntary transfer. Nevertheless, Tibbs fails to allege that her job performance was satisfactory.  In fact, Defendants contend that she was involuntarily transferred for acting unprofessionally and failing to comport herself respectfully with her superiors.  Defendants also claim that she conducted personal business during working hours and undermined the work environment. Additionally, once on the Patrol Division, she was accused of failing to report to the proper robbery site and altering her run sheet to account for the discrepancy.

Furthermore, although the Equal Employment Opportunity Commission ("EEOC") determined that there was reasonable cause to believe that she was discriminated against, this determination does not override the requirement that a plaintiff plead a *prima facie* case.  *See EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 n. 3 (7th Cir. 1996) ("This determination of reasonable cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation.") (citing *EEOC v. J.M. Huber Corp.*, 927 F.2d 1322, 1331 (5th Cir. 1991); *Bell v. Bolger*, 708 F.2d 1312, 1321 (8th Cir. 1983) (holding that "the EEOC's recommendation that a finding of discrimination be made is entitled to deference" and that the plaintiff had established a *prima facie* case of race and age discrimination); *Cox v. Babcock & Wilcox Co.*, 471 F.2d 13, 15 (4th Cir.1972) (holding that the admission of the EEOC's record is within the district court's discretion).  Thus, Tibbs fails

to state a *prima facie* case of race and gender discrimination against the Baltimore City Police Department ("BCPD") under both Title VII and 42 U.S.C. § 1981.

Even if Tibbs had alleged a *prima facie* claim of race discrimination, she has not sufficiently alleged that the legitimate nondiscriminatory reasons for her transfer proffered by the Defendants were a pretext for discrimination. The Fourth Circuit has stated that: "when an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, 'it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.' " *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293,299 (4th Cir. 1998)). A Court should not second-guess an employer's appraisal. *Hawkins*, 203 F.3d at 280. Rather, the Court's sole concern should be "whether the reason for which the defendant discharged the plaintiff was discriminatory." *Id.* (quoting *DeJarnette*, 133 F.3d at 299). The Fourth Circuit has also stated that it does "not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision." *Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994). The submissions of the parties have indicated an issue which arose with respect to Tibbs' conduct and interaction with her supervisor. In her Complaint, Tibbs not only fails to allege a *prima facie* case of race discrimination, but fails to allege any plausible claim of pretext on the part of the Defendants. Therefore, Plaintiff's Title VII claims in Counts I, II & III against the BCPD are DISMISSED WITHOUT PREJUDICE.

B.  Retaliation Claims (Counts IV & V)

Initially, and as alleged in the Complaint, it should be noted that Tibbs was transferred to the Patrol Division before seeking to appeal the transfer decision or filing internal complaints against Defendant Bland.  In order to establish a *prima facie* case of retaliation under Title VII and 42 U.S.C. § 1981, the plaintiff must show (1) that she engaged in a protected activity, (2) that her employer took a "materially" adverse action against her and (3) that a causal connection existed between the activity and the adverse action.  *Cepada v. Bd. of Educ. of Baltimore Cnty.*, 814 F. Supp. 2d 500, 514 (D. Md. 2011) ( *citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 543 (4th Cir. 2003)).

Title VII protects participation and opposition activity.  42 U.S.C. § 2000e–3(a).  The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII.  *Id.*  Where an employee has opposed any unlawful practice under Title VII, he is also protected from retaliation.  *Id.*  With respect to the second factor, "[t]he central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.' "  *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).  To be adverse an employment action must be discriminatory and must "adversely affect 'the terms, conditions, or benefits' of the plaintiff's employment."  *James*, 368 F.3d at 375 (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001)).  "An adverse action is one that 'constitutes a significant change in employment status, such as

hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.' " *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (citing *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).  This Court must determine "whether there was a change in the terms or conditions of plaintiff's employment which ha[d] a significant detrimental effect on her opportunities for promotion or professional development." *James*, 368 F.3d at 376 (quoting *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999)) (quotation marks omitted).  Specifically, a decrease in "compensation, job title, level of responsibility or opportunity for promotion" would indicate that an adverse employment action occurred.  *Id.*  Finally, an action is materially adverse where it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co.*, 548 U.S. at 68.

In this case, Tibbs alleges that she was engaged in a protected activity.  She claims that she filed a number of internal complaints and a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  While she alleges that she was subjected to an adverse employment action in that she was demoted from her Detective position, she fails to allege that this adverse employment action was causally connected to her complaints. In fact, the Complaint establishes that she was first transferred before seeking to appeal the decision and before filing complaints concerning Defendant Bland's actions against her.  She also fails to allege that there was a significant change in her employment status after she filed her internal complaints against bland.  Moreover, her responsibilities are not alleged to have changed nor were her benefits affected subsequent to these complaints or even to the filing of her charge of discrimination with the EEOC.  Consequently, Plaintiff's claim of

retaliation under Title VII and 42 U.S.C. § 1981 against the BCPD in Counts IV and V are DISMISSED WITHOUT PREJUDICE.

## II.   Plaintiff's claims against Engel and Bland

A.  <u>Title VII Claims against Engel and Bland (Counts III, IV, VII & VIII)</u>

Plaintiff alleges gender discrimination and retaliation against Defendant Bland (Counts III and IV) as well as race and gender discrimination against Defendant Engel (Counts VII and VIII) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). It is well-established that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). In *Lissau,* the United States Court of Appeals for the Fourth Circuit held that only an employer may be held liable for Title VII violations, and that individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.* at 181. Accordingly, supervisors cannot be held individually liable under Title VII. As such, Defendants Engel and Bland are not individually liable under Title VII for the alleged wrongful conduct against Plaintiff. Therefore, Plaintiff's Title VII claims against Defendants Engel and Bland in Counts III, IV, VII and VIII are DISMISSED WITH PREJUDICE.

B.  <u>42 U.S.C. § 1981 Claim (Count V)</u>

Count V of the Complaint also alleges a claim of retaliation in violation of 42 U.S.C. § 1981 against Defendant Bland. "Individual supervisors also cannot be liable under § 1981 unless they intentionally cause [an employer] to infringe the rights secured by [that] section." *Luy v. Baltimore Police Dept.*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) (internal quotations omitted). Thus, supervisors may be individually liable under Section 1981 when they

'authorize, direct, or participate in' a discriminatory act." *Atkins v. Winchester Homes*, CCB–06–278, 2007 WL 269083, at *9 (D. Md. Jan.17, 2007)(quoting *Manuel v. Int'l Harvester Co.*, 502 F. Supp. 45, 50 (N. D. Ill. 1980)).   Hence, while individual liability for supervisors may arise under 42 U.S.C. § 1981, it only applies where the act or omission resulting in the infringement of rights was intentionally caused by the supervisor and where the Plaintiff makes an affirmative showing of that fact.   Because Bland allegedly directed and participated in the discriminatory acts against Plaintiff, she can be held individually liable under 42 U.S.C. § 1981.   However, in order to proceed individually against Bland under 42 U.S.C. § 1981, Plaintiff must establish the elements of a *prima facie* case of retaliation.   *See Luy*, 326 F. Supp. 2d at 688–89.

As explained above, although Plaintiff alleges that she was engaged in a protected activity and that her employer took a "materially" adverse action against her, she fails to establish that the adverse employment action was causally related to her engagement in a protected activity.   *See Cepada v. Bd. of Educ. of Baltimore Cnty.*, 814 F. Supp. 2d 500, 514 (D. Md. 2011).   Specifically, with respect to Bland, Tibbs fails to allege that Bland to an adverse employment action which "adversely affect[ed] the terms, conditions or benefits of [her] employment."   *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (alteration in original) (citation omitted).   Nor does Tibbs allege that Bland to an action against her which "might have dissuaded [her] from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co.*, 548 U.S. at 68.   In fact, she claims that she filed numerous internal complaints, albeit without receiving a favorable response, and that she also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")

while remaining employed by the Patrol Division of the BCPD.  Therefore, Tibbs fails to state a *prima facie* case of retaliation under 42 U.S.C. § 1981 against Bland and her claim against Bland in Count V is DISMISSED WITHOUT PREJUDICE.

    C.  42 U.S.C. § 1983 Claim against Engel and Bland (Count VI)

Tibbs brings a claim under 42 U.S.C. § 1983 against Engel and Bland for denial of "due process under 42 U.S.C. 1983 [sic] by violating her rights protected and equal by 42 U.S.C. 1981[sic]."  Pl.'s 1st Am. Compl. ¶ 59, ECF No. 4.  She also alleges that Bland and Engel enforced police rules and regulations unconstitutionally so as to discriminate and retaliate against her as well as create a hostile work environment.  In order to state a claim under Section 1983, a plaintiff must allege (1) a deprivation of a right or privilege secured by the Constitution and laws of the United States and that (2) the deprivation was caused by an individual acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Establishing individual liability under Section 1983 requires an affirmative showing that the defendant personally acted to deprive the plaintiff of her rights.  *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).  The Defendant "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights in order to be liable.  *Id.*

The United States Court of Appeals for the Fourth Circuit has held that "the factual elements necessary to establish a *prima facie* case of employment discrimination are the same for Title VII, Section 1981, and Section 1983 claims."[3]  *Hooper v. State of Md., Dept. of Human*

---

[3] The Court of Appeals for the Eight Circuit recently concluded that "while Title VII provides the exclusive remedy for employment discrimination claims created by its own term, its exclusivity ceases when the employer's conduct also amounts to a violation of a right secured by the Constitution."  *Henley v. Brown*, 686 F. 3d 634, 642 (8th Cir. 2012) (citation omitted).  In doing so the Eight Circuit noted that the Fourth Circuit had reached the same conclusion in the past.  *Id.* (citing *inter alia Booth v. Maryland*, 327 F.3d 377, 382-83 (4th Cir. 2003)).

*Resources*, 45 F.3d 426 (4th Cir. 1995) (citing *Gairola v. Commonwealth of Virginia Dept. of Gen. Services*, 753 F.2d 1281, 1285 (4th Cir. 1985).  As Tibbs reasserts the same allegations in this count as those asserted against the Baltimore City Police Department, it follows, as explained above, that Tibbs fails to state a claim of race and gender discrimination as well as retaliation against Engel and Bland.

To the extent that Tibbs asserts a claim of hostile work environment, she must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on [her] race and [gender]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on [the Defendants]." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir.1998).  In weighing the "severe and pervasive" factor, courts look at the totality of the circumstances and consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance.  *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993).  In addition, courts are instructed that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal quotations omitted).

Although Tibbs claims that she was harassed on the basis of her race and gender and that the harassment was unwelcome, she does not allege specific instances which would allow this Court to determine whether the harassment was "sufficiently pervasive and severe."  Moreover, the Supreme Court has stated that "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, while she claims that Bland and Engel acted unconstitutionally, her allegations fail to establish that their conduct amounted to a violation of her right secured under the Constitution. Accordingly, Tibbs fails to state a *prima facie* case of employment discrimination and hostile work environment under 42 U.S.C. § 1983. Therefore, her claims against Engel and Bland in Count VI are DISMISSED WITHOUT PREJUDICE. As a result, Defendants Baltimore City Police Department, David Engel and Deanna Bland's Motion to Dismiss (ECF No. 12) is GRANTED.

CONCLUSION

For the reasons stated above, Defendants Baltimore City Police Department ("BCPD"), David Engel ("Engel") and Deanna Bland's ("Bland") Motion to Dismiss (ECF No. 12) is GRANTED. All of Plaintiff's claims against the BCPD are DISMISSED WITHOUT PREJUDICE. Plaintiff's Title VII claims against Engel and Bland are DISMISSED WITH PREJUDICE. Plaintiff's Section 1981 claim against Bland is DISMISSED WITHOUT PREJUDICE. Finally, Plaintiff's Section 1983 claim against Engel and Bland are DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated:        August 23, 2012        /s/_____
                                     Richard D. Bennett
                                     United States District Judge